UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VLADIMIR KARA-MURZA<br>c/o Covington & Burling, LLP<br>One CityCenter, 850 Tenth Street, NW,<br>Washington, DC 20001-4956,<br><br>       Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW,<br>Washington, DC 20530-0001,<br><br>       Defendant. | Civil Action No. |

## COMPLAINT

1. Plaintiff Vladimir Kara-Murza brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking access to records improperly withheld by Defendant Department of Justice.

2. This Complaint concerns Kara-Murza's request for records relating to himself, including laboratory test results on a sample of Kara-Murza's blood delivered to the Federal Bureau of Investigation by Kara-Murza's wife, Evgenia.

3. By failing to respond in a timely manner, Defendant has unlawfully withheld agency records.

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Vladimir Kara-Murza ("Kara-Murza") is a prominent opposition activist involved in pro-democracy political work in Russia. He has played an important role in helping build support for enactment of legislation imposing targeted sanctions on high-ranking Russian human rights abusers (known as "Magnitsky Laws") in several Western countries, including the United States. Kara-Murza was a longtime colleague of Russian opposition leader Boris Nemtsov, who was assassinated in Moscow in February 2015. He is a lawful permanent resident of the United States and a resident of the Commonwealth of Virginia.

7. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). DOJ is in possession, custody, and/or control of the records which are the subject of this action.

8. The Federal Bureau of Investigation ("FBI") is a DOJ component.

## FACTS

**A.  After Plaintiff's Second Poisoning in Russia, FBI Analyzed Plaintiff's Blood Samples for Information About the Poison.**

9. In May 2015, Kara-Murza was poisoned and suffered sudden kidney failure while in Moscow, Russia. Shortly thereafter, Kara-Murza experienced multiple organ failure, including failure of his lungs, heart, kidneys, liver, and intestines, and fell into a coma. To save

his life, he was placed on life support and hemodialysis.  Physicians treating him determined that Kara-Murza had suffered from acute poisoning of unknown origin.

10.     Nearly two years later, in February 2017, Kara-Murza was again hospitalized in Moscow, Russia, with multiple organ failure after being poisoned a second time.  Kara-Murza was placed in a medically-induced coma, on a ventilator, and on hemodialysis.  For a second time, doctors identified the cause of Kara-Murza's illness as acute intoxication by an unidentified substance.  The progression of the illness and its symptoms mirrored those of the 2015 poisoning.

11.     On the first day of Kara-Murza's treatment in February 2017, doctors drew samples of Kara-Murza's blood for laboratory testing purposes.

12.     Shortly thereafter, Kara-Murza's wife, Evgenia Kara-Murza, traveled to the United States with the blood samples that had been drawn in Moscow.

13.     FBI agents met Evgenia Kara-Murza immediately upon her arrival in the United States and took custody of the samples of Kara-Murza's blood that she carried with her.  The FBI accepted the samples for the purpose of determining what had caused Kara-Murza's illness.

14.     Despite having provided samples to the FBI for testing purposes, Kara-Murza has not received the results of the tests and analysis conducted by the FBI.

### B.     **FBI Has Refused to Provide Information About the Tests to Plaintiff or Congressional Representatives.**

15.     In the ensuing months, Kara-Murza sought to learn the results of the FBI's testing.  Having received no information from the FBI, Kara-Murza enlisted the assistance of Senator John McCain, who sent official correspondence to FBI Director Christopher Wray on September 22, 2017, expressing his concern that Kara-Murza had "once again been the victim of an intentional attack on his life" as a result of "politically motivated" attacks.  Senator McCain

expressed his concern that the FBI's investigation into Kara-Murza's poisoning had stalled due to the FBI's inaction and administrative delays. Despite this admonition from the Chairman of the Senate Armed Services Committee, the FBI failed to respond.

16.     As months ticked by with Kara-Murza receiving no information from the FBI about his poisoning, additional Members of Congress pressed the FBI for a response. In March 2018, Senators Marco Rubio and Roger Wicker and Representative Ileana Ros-Lehtinen sent individual letters to Director Wray asking to be informed of the results of the FBI's analysis of Kara-Murza's blood. The FBI again failed to respond to these congressional requests.

    C.    **FBI Has Ignored Plaintiff's FOIPA Request Seeking Access to Records About His Poisoning.**

17.     The FBI provides for a consolidated submission process that allows the simultaneous submission of requests pursuant to both FOIA and the Privacy Act ("FOIPA").

18.     Kara-Murza submitted an FOIPA request to the FBI in July 2018 pursuant to 5 U.S.C. §§ 552 and 552a, seeking records, test results, documents, memoranda, and internal communications between May 2015 and July 2018 concerning Kara-Murza and his hospitalizations in Russia (the "Request").

19.     At the time of submission, Kara-Murza requested expedited processing of his Request.

20.     By letter dated July 13, 2018, David Hardy, Section Chief of the FBI's Record/Information Dissemination Section, acknowledged that the FBI had received Kara-Murza's FOIPA Request. The FBI assigned the Request tracking number 1410820-000.

21.     The FBI provides for expedited processing of FOIPA requests in cases involving threats to the life or physical safety of an individual. 28 C.F.R. § 16.5(e)(1)(i). The FBI had been told by Senators McCain, Rubio, and Wicker, as well as Representative Ros-Lehtinen that

Kara-Murza's safety was at risk without this information. In particular, Senator Rubio had noted that "if there is any measure of security that can protect him from another attack, it is a clear professional determination of the cause of his previous poisoning." Nevertheless, the FBI denied Kara-Murza's request for expedited processing by letter, dated July 19, 2018.

22. In updates regarding the status of Kara-Murza's Request, the FBI has acknowledged that it has identified potential responsive information to the Request.

23. By letter dated February 13, 2020, Christina Troiani, Associate Chief of the DOJ's Administrative Appeals Staff within the Office of Information Policy, responded to an inquiry into the status of Kara-Murza's FOIPA request by counsel. DOJ advised that the FBI had not made an adverse determination on Kara-Murza's request, so any appeal would be premature. The letter further stated that the request had not yet been assigned to a Disclosure Analyst, and that the estimated date of completion for Kara-Murza's request was September, 2020.

24. For more than eighteen months, the FBI has failed to act on Kara-Murza's FOIPA Request.

### FIRST CAUSE OF ACTION
### (Violation of FOIA)

25. Plaintiff repeats paragraphs 1 – 24 as if fully set forth herein.

26. In July 2018, Plaintiff submitted a Request to the FBI seeking access to agency records maintained by the FBI concerning Plaintiff and his hospitalizations.

27. On July 13, 2018, the FBI acknowledged receipt of Plaintiff's Request and assigned it tracking number 1410820-000.

28. More than twenty business days have passed since the FBI acknowledged receipt of Plaintiff's Request.

29. The FBI has failed to provide Plaintiff with a determination regarding his Request within the applicable statutory time limits.

30. Because the FBI has failed to respond in a timely manner, Plaintiff is deemed to have fully exhausted his administrative remedies.

31. The FBI has therefore wrongfully withheld the requested records from Plaintiff.

## SECOND CAUSE OF ACTION
### (Violation of the Privacy Act)

32. Plaintiff repeats paragraphs 1 – 24 as if fully set forth herein.

33. In July 2018, Plaintiff submitted a Request pursuant to the Privacy Act for copies of information relating to himself maintained by the FBI concerning Plaintiff and his hospitalizations.

34. On July 13, 2018, the FBI acknowledged receipt of Plaintiff's Request and assigned it tracking number 1410820-000.

35. Pursuant to implementing regulations, the FBI must process all requests pursuant to the Privacy Act under the processes applicable to FOIA requests. 28 C.F.R. § 16.40(a).

36. More than twenty business days have passed since the FBI acknowledged receipt of Plaintiff's Privacy Act request.

37. The FBI has failed to provide Plaintiff with a determination regarding his Request within the applicable statutory time limits.

38. Because the FBI has failed to respond in a timely manner, Plaintiff is deemed to have fully exhausted his administrative remedies.

39. The FBI has therefore wrongfully withheld the requested records from Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

a. Order the Department of Justice to produce all requested records in their entireties to Plaintiff;

b. Award Plaintiff costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), 5 U.S.C. § 552a(g)(2)(B), or any other applicable law; and

c. Grant such other relief as the Court may deem just and proper.

Dated: February 25, 2020.

Respectfully submitted,

/s/ Andrew E. Siegel
Stephen G. Rademaker (D.C. Bar No. 386922)
Andrew E. Siegel (D.C. Bar No. 1029365)
Samuel R. Howe (*pro hac vice* pending)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
srademaker@cov.com
asiegel@cov.com
showe@cov.com

*Attorneys for Plaintiff*