UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VLADIMIR KARA-MURZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-0545 (RC) |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant United States Department of Justice ("DOJ"), by undersigned counsel, respectfully responds to the allegations in the Complaint filed by Plaintiff Vladimir Kara-Murza on February 25, 2020, ECF No. 1, as follows:

1. The allegations in Paragraph 1 constitute Plaintiff's characterization of his case and the nature of the action, to which no response is required.

2. The allegations in Paragraph 2 constitute Plaintiff's characterization of his case and the nature of the action, to which no response is required.

3. The allegations in Paragraph 3 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 3.

4. The allegations in Paragraph 4 constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant admits that the Court has both subject matter and personal jurisdiction over Defendant.

5. The allegations in Paragraph 5 constitute conclusions of law to which no response is required. Defendant admits that venue is proper in this judicial district.

6.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6.

7.      Defendant admits the allegations in the first sentence of Paragraph 7.  The allegations in the second sentence of Paragraph 7 constitute conclusions of law to which no response is required.

8.      Defendant admits the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

10.      The allegations in Paragraph 10 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

11.      The allegations in Paragraph 11 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

12.      The allegations in Paragraph 12 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

13.     The allegations in Paragraph 13 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

14.     The allegations in Paragraph 14 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

15.     The allegations in Paragraph 15 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

16.     The allegations in Paragraph 16 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

17.     With respect to the allegations in Paragraph 17, Defendant admits only that the FBI provides for a submission process that allows qualifying records requests to be considered under both FOIA and the Privacy Act ("FOIPA")..

18.     With respect to the allegations in Paragraph 18, Defendant admits that, on or about July 5, 2018, the Federal Bureau of Investigation ("FBI") received a request from Plaintiff. The remaining allegations in Paragraph 18 constitute Plaintiff's characterizations of their FOIA request, which speaks for itself and is the best evidence of its contents.  Defendant denies the

allegations to the extent they are inconsistent with the FOIA request's plain language, meaning, or context.

19.     Defendant admits the allegations in Paragraph 19.

20.     With respect to the allegations in Paragraph 20, Defendant admits that Defendant sent a letter to Plaintiff dated July 13, 2018.  The remaining allegations in Paragraph 20 constitute Plaintiff's characterizations of the letter, which speaks for itself and is the best evidence of its contents.  Defendant denies the allegations to the extent they are inconsistent with the letter's plain language, meaning, or context.

21.     With respect to the allegations in the first sentence of Paragraph 21, Defendant admits that the FBI, as a component of DOJ, is subject to DOJ's regulations pertaining to expedited processing of FOIPA requests.  The allegations in the second and third sentences of Paragraph 21 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in these sentences as immaterial or impertinent pursuant to Rule 12(f)(1).  As to the allegations in the final sentence of Paragraph 21, Defendant admits only that the FBI sent Plaintiff a letter dated July 19, 2018, which speaks for itself and is the best evidence of its contents.  Defendant denies the allegations to the extent they are inconsistent with the letter's plain language, meaning, or context.

22.     Defendant admits the allegations in Paragraph 22.

23.     Defendant admits that DOJ's Office of Information Policy sent Plaintiff, by email, a letter dated February 13, 2020, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the letter's plain language, meaning, or context.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant hereby fully incorporates its responses to Paragraphs 1-24 as if fully set forth herein.

26.     Defendant admits that, on or about July 5, 2018, the FBI received a request from Plaintiff.  The remaining allegations in Paragraph 26 constitute Plaintiff's characterizations of their FOIA request, which speaks for itself and is the best evidence of its contents.  Defendant denies the allegations to the extent they are inconsistent with the FOIA request's plain language, meaning, or context.

27.     Defendant admits the allegations in Paragraph 27.

28.     Defendant admits the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 constitute conclusions of law to which no response is required.

30.     The allegations in Paragraph 30 constitute conclusions of law to which no response is required.

31.     The allegations in Paragraph 31 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 31.

32.     Defendant hereby fully incorporates its responses to Paragraphs 1-31 as if fully set forth herein.

33.     Defendant admits that, on or about July 5, 2018, the FBI received a request from Plaintiff.  The remaining allegations in Paragraph 33 constitute Plaintiff's characterizations of their FOIA request, which speaks for itself and is the best evidence of its contents.  Defendant

denies the allegations to the extent they are inconsistent with the FOIA request's plain language, meaning, or context..

34.     Defendant admits the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 constitute conclusions of law to which no response is required.

36.     Defendant admits the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 constitute conclusions of law to which no response is required.

38.     The allegations in Paragraph 38 constitute conclusions of law to which no response is required.

39.     The allegations in Paragraph 39 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 39.

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required; to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.  Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Complaint.

## DEFENSES

1.     Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

2.     Any relief is limited to that provided for by FOIA.

3.     Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA.

4.     As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

5.     Plaintiff is not entitled to attorneys' fees or costs.

6.     Defendant has conducted adequate searches in response to the underlying requests under FOIA or otherwise are in the process of completing searches and releases of non-exempt, responsive records, or segregable portions thereof.  Defendant further avers that some or all of the requested records may be exempt, in full or in part, from release under FOIA exemptions.

7.     To the extent Plaintiff is asking Defendant to create records not in existence, to answer questions, or to perform research, the Court lacks jurisdiction to adjudicate the matter.

8.     The Complaint violates Rule 8(a)(2) to the extent that it alleges background information that is unnecessary to a "short and plain" statement of the claim.  Should the Court deem Defendant's responses to such allegations to be insufficient, the Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f)(1).

Dated:  May 19, 2020                          Respectfully submitted,

                                             TIMOTHY J. SHEA, D.C. Bar #437437
                                             United States Attorney

                                             DANIEL F. VAN HORN, D.C. Bar #924092
                                             Chief, Civil Division

                                             By:     /s/ *Paul Cirino*
                                             PAUL CIRINO
                                             Assistant United States Attorney
                                             Civil Division
                                             U.S. Attorney's Office, District of Columbia
                                             555 4th Street, N.W.
                                             Washington, D.C.  20530
                                             Telephone: (202) 252-2529
                                             paul.cirino@usdoj.gov

                                             *Counsel for Defendant*